**Pauline J. BRUNER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-15040.**

Court of Criminal Appeals of Oklahoma.

April 23, 1969.

Guy Fitzsimmons, Sapulpa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Justice.

Pauline J. Bruner, hereinafter referred to as defendant, was charged with Murder in the District Court of Creek County. She was tried by a jury who found her guilty of the included offense of Manslaughter in the First Degree and her punishment was assessed at twelve years imprisonment in the state penitentiary at McAlester.

The record reflects that around 2:30 on the afternoon of October 14, 1967, Louise McCarthy (the deceased), was having difficulty with her automobile when Bill Bailey and David Williams stopped to assist her and it was ascertained that her starter needed replacing. David Williams offered to fix the starter for $2.00 and after some discussion Mrs. McCarthy agreed. Bailey and Williams testified that at this point the defendant, accompanied by two small children, approached the deceased and stated something about the deceased running around with her husband which the deceased denied. The defendant had a steak knife in her hand and she attacked the deceased, stabbing her several times in the area around the throat. The deceased managed to break away from the defendant and fled the scene with the defendant

in pursuit. The deceased ran to a nearby service station where she collapsed and thereafter died as a result of the knife wounds inflicted. The defendant turned herself in to the police. Neither Bailey nor Williams observed anything other than the knife in the hands of the defendant.

The defendant testified in her own behalf in substance that prior to the day of the homicide she had seen the deceased with the defendant's husband and that after some discussion the deceased got out of her husband's car and left. The defendant related inquiries made by the deceased to the defendant's children on various occasions as to "how their daddy was" and related one instance in which she stated the deceased wanted "her husband and the kids," stating that she made $400.00 a month. On the afternoon of the homicide the defendant related the deceased had been around her home earlier and that she (the defendant) approached the deceased who struck her, damaging her glasses and causing her to fall, and that at that point she removed the steak knife from her purse where she had previously placed it to protect herself against the deceased. The defendant admitted using the knife, but denied any intention to kill the deceased because of jealousy.

▆▆▆ No brief was filed in support of this appeal and from the record it appears to have done so would have been a futile gesture, for although the evidence was conflicting, it clearly presented a question for the determination of the jury whose verdict is amply supported by the record. We have repeatedly held that where the evidence amply supports the verdict of the jury and the record is free of error which would justify modification or reversal, the judgment and sentence appealed from will be affirmed.

For all of the reasons above set forth, the judgment and sentence appealed from is

Affirmed.

BUSSEY, and NIX, JJ., concur.